**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7010**

ERIC J. DEPAOLA,

                Plaintiff - Appellant,

      v.

VIRGINIA DEPARTMENT OF CORRECTIONS; HAROLD CLARKE; W. P.
ROGERS; MARK ENGELKE; JOHN GARMAN; GEORGE HINKLE; TRACY RAY;
RANDALL MATHENA; LINDA SHEAR; JAMES WADE; P. SCARBERRY,

                Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. James P. Jones, District Judge.
(7:12-cv-00592-JPJ-RSB)

Submitted: November 30, 2015      Decided: December 17, 2015

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

Eric Joseph DePaola, Appellant Pro Se. John Michael Parsons,
Assistant Attorney General, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Joseph DePaola seeks to appeal the district court's order granting Defendants' motion for summary judgment on his 42 U.S.C. § 1983 (2012) claim alleging that prison food at Red Onion State Prison does not conform to the dietary restrictions of his religion. He also appeals the court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration.

We dismiss DePaola's appeal from the district court's order granting Defendants' motion for summary judgment for lack of jurisdiction because the notice of appeal was not timely filed. Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order granting Defendants' motion for summary judgment was entered on the docket on August 12, 2014. The notice of appeal was filed on June 24, 2015.* Furthermore,

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

DePaola's Fed. R. Civ. P. 60(b) motion did not toll the period for him to timely note an appeal because he filed the motion more than 28 days after the court's order granting summary judgment. See Fed. R. App. P. 4(a)(4)(A). Because DePaola failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss DePaola's appeal from the district court's order granting summary judgment.

With respect to DePaola's appeal from the district court's order denying his Fed. R. Civ. P. 60(b) motion, we have reviewed the record and find no reversible error. Accordingly, we affirm this order. See DePaola v. Virginia Dep't of Corr., No. 7:12-cv-00592-JPJ-RSB (W.D. Va. June 17, 2015).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART
AFFIRMED IN PART
